# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49247

| | |
|---|---|
| In the Interest of: Jane Doe I, John Doe I, and Jane Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, | ) |
| | ) Filed: February 18, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JANE DOE (2021-44), | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Stacey DePew, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Migliuri & Rodriguez, PLLC; Anja Renae Rodriguez, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

---

GRATTON, Judge

Jane Doe appeals from a judgment terminating her parental rights. Doe argues that the magistrate court erred when it found grounds for termination and denied her request to testify at the termination trial via videoconference. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL HISTORY

Doe is the mother of three children who came into custody of the Idaho Department of Health and Welfare (the Department) after a juvenile case was expanded to a child protection case under the Idaho Juvenile Rules. Doe's children were sheltered after failing to comply with their probation and Doe's failure to cooperate. After custody was granted to the Department, a case plan was developed to assist with reunification.

1

After Doe failed to make progress on her case plan, the State filed a petition for termination of Doe's parental rights.  Prior to the termination trial, Doe asked the magistrate court to continue the trial to a date she could be present or allow her to testify via videoconference.  The State and guardian ad litem objected to the motion, and the court denied the motion.  Following trial, the court found that Doe neglected her children and that termination is in the best interests of the children.  Doe timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child.  *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002).  This interest is protected by the Fourteenth Amendment to the United States Constitution.  *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).  Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved.  Idaho Code § 16-2001(2).  Therefore, the requisites of due process must be met when terminating the parent-child relationship.  *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006).  Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence.  *Id*.  Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence.  *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion.  *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009).  The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated.  *Id.*  The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required.  *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006).  Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain.  *In re Doe*,

143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

### A.    Motion for Continuance or to Testify Via Videoconference

Doe argues that the magistrate court erred by denying her motion for continuance or to testify via videoconference. Doe claimed that she was unable to travel to Idaho and present evidence at the hearing due to financial constraints. She asked the court for a continuance or permission to testify via videoconference, which the magistrate court denied. On appeal, Doe does not argue that the magistrate court erred in denying her motion to continue, but argues that she should have been allowed to testify via videoconference.

As an initial matter, Doe fails to cite to any standard of review relative to the magistrate court's denial of the motion. Doe claims that the magistrate court "erred" but fails to explain how the court erred. Doe states that her inability to testify "was prejudicial to Appellant and violated her due process rights," but presents no argument or authority. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018).

Rule 7.2(a)(2) of the Idaho Rules of Civil Procedure provides that the court may allow testimony via videoconference if the parties so stipulate. In this case, both the State and guardian ad litem objected to the motion and refused to stipulate to Doe testifying via videoconference. Doe does not challenge the magistrate court's conclusion in denying the motion that the rule requires agreement. Doe has failed to demonstrate that the magistrate court erred in denying her motion.

3

**B.**      **Finding of Neglect**

Doe argues that the magistrate court's finding of neglect was not supported by substantial and competent evidence. Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protection Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

In this case, the magistrate court found that Doe neglected her children by failing to comply with her case plan. Doe's case plan required, among other tasks, that Doe maintain stable housing, find employment, and complete drug treatment and parenting classes. While the court noted that Doe attempted to complete some of her tasks, she did not complete a single task in the twenty-two months she had to comply with the case plan. Doe concedes that she did not complete her tasks, but argues that she was making progress and that the magistrate court should have given her more time to comply with her case plan.[1] However, whether Doe was making progress on her case plan is not the question presented to this Court, but whether substantial evidence supports the magistrate court's finding that she neglected her children.

Doe fails to identify any of the magistrate court's factual findings that she contends are clearly erroneous. The magistrate court found, among other things, that Doe failed to complete any of her case plan tasks; disappeared for months; refused to provide her address or employment information; never provided proof of stable housing, employment, completion of drug treatment or parenting classes; and had inappropriate contact with the children. There is more than adequate evidence to support the magistrate court's finding that Doe neglected her children as evidence shows she failed to complete her case plan. Therefore, the magistrate court did not err in concluding Doe neglected her children.

---

[1]      Doe has not cited this Court to any place in the record when she requested more time to complete the case plan.

**C.      Best Interests of the Children**

Doe next argues that the magistrate court erred when it found that termination of her parental rights was in the best interests of the children. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Doe argues that termination of her parental rights was not in the best interests of the children. Specifically, Doe argues that two of the children did not improve in foster care and that since they are close to reaching the age of majority, there is little time to find an adoptive family or guardianship. Further, Doe argues that the children have lived with their mother for the majority of their lives and that the parties stipulated below that the children did not want the parental rights terminated.

The magistrate court considered the issues Doe raises on appeal, but found that the children's need for permanency outweighed those concerns. The court noted that Doe had done little to improve her situation so that she could again take custody of the children. Doe did not have stable housing for the children; fled to Oregon to avoid outstanding warrants for her arrest in Idaho; tested positive for numerous controlled substances; failed to complete drug treatment; refused to provide employment information; and provided no financial assistance for the children. The magistrate court noted that while two of the children were struggling in foster care, the problems they faced with substance abuse and school performance had been and likely would be the same if they were returned to Doe. While the children would still face obstacles, the magistrate court found that termination of Doe's parental rights would allow them to have stability and certainty, which would be an improvement to their situation. These findings are supported by

5

substantial and competent evidence in the record.  Therefore, the magistrate court did not err in concluding that termination is in the best interests of the children.

## IV.

## CONCLUSION

There is substantial and competent evidence to support the magistrate court's findings and conclusions that Doe neglected her children.  Additionally, the magistrate court correctly determined that it is in the best interests of the children to terminate Doe's parental rights and did not err in denying Doe's motion to testify at the termination trial via videoconference.  Therefore, we affirm the magistrate court's judgment terminating Doe's parental rights.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.